IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-02409-PSF-OES

CENTER FOR NATIVE ECOSYSTEMS; and
BIODIVERSITY CONSERVATION ALLIANCE,

      Plaintiffs,

v.

RICK CABLES, in his official capacity as Regional Forester, Region 2,
United States Forest Service; and
UNITED STATES FOREST SERVICE,

      Defendants,

---

POLE MOUNTAIN CATTLEMEN'S ASSOCIATION,
an Unincorporated Association, and its members; BATH
SISTERS, LLC, a Wyoming Limited Liability Company;
MARK EISELE; WARREN LIVESTOCK, LLC, a
Wyoming Limited Liability Company; PETER HANSEN;
BONHAM RANCH, LLC, a Wyoming Limited Liability
Company; C.C. DAVIS & CO., LLC, a Wyoming
Limited Liability Company; FERGUSON RANCH, INC.,
a Wyoming Corporation; GARDNER BROS.;
WILLADSEN BROS.; QUARTER CIRCLE F QUARTER
CIRCLE LONE TREE RANCH, INC., a Wyoming Corporation;
WYOMING STOCK GROWERS ASSOCIATION,
a nonprofit Wyoming Corporation on behalf of its members,
LARAMIE COUNTY FARMERS UNION, a nonprofit
Wyoming Corporation on behalf of its members, and
WYOMING FARM BUREAU FEDERATION, a nonprofit
Wyoming Corporation on behalf of its members,

      Defendants-Intervenors

---

WYOMING ASSOCIATION OF CONSERVATION
DISTRICTS, a nonprofit Wyoming Corporation on behalf of
its members,

Defendants-Intervenor.

## ORDER ON PENDING MOTIONS

THIS MATTER is before the Court on the following pending motions filed by Defendants Rick Cables, in his official capacity as Regional Forester, and United States Forest Service (collectively "Forest Service"); Proposed Intervenor-Defendant Pole Mountain Cattlemen's Association et al. (collectively "Cattlemen"); and Proposed Intervenor-Defendant Wyoming Association of Conservation Districts ("WACD"): Forest Service's Motion to Dismiss Plaintiffs' First Claim for Relief (Dkt. #19), filed February 22, 2005; Cattlemen's Application to Intervene (Dkt. #21), filed March 3, 2005; WACD's Motion to Intervene (Dkt. #30), filed April 1, 2005; Cattlemen's Motion to Dismiss (Dkt. # 36), filed April 29, 2005; and WACD's Motion to Dismiss (Dkt. # 38), filed April 29, 2005.  Additionally, this Order sets for hearing Plaintiffs' Petition for Review (Dkt. # 34), filed April 29, 2005.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On November 19, 2004, Center for Native Ecosystems, Biodiversity Conservation Alliance, and Forest Guardians (collectively "CNE") filed a Complaint for Declaratory and Injunctive Relief (Dkt. # 1) against Rick Cables, in his official capacity as Regional Forester, and United States Forest Service.

CNE filed an amended complaint on December 15, 2004 (Dkt. #5), challenging Forest Service decisions to approve livestock grazing in the Pole Mountain Area of the Medicine Bow National Forest in Wyoming and seeking declaratory and injunctive

relief.  CNE alleges that the approvals violate Wyoming's water quality standards, the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq.*, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06, and the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq.*  Defendant Forest Service filed a Partial Answer on February 18, 2005 (Dkt. # 14), denying the plaintiffs' ESA substantive allegations.  The Forest Service then moved to dismiss CNE's first claim for relief which arose under the CWA and APA (Dkt. # 19), filed February 22, 2005, on the basis of F.R.Civ.P. 12(b)(1), lack of subject matter jurisdiction.

Meanwhile, two groups sought to intervene as party-defendants in this action. On March 3, 2005, Pole Mountain Cattlemen's Association together with several individual member grazing permittees (collectively, "Cattlemen") filed a Proposed Intervenor-Defendant Pole Mountain Cattlemen's Association's Application to Intervene (Dkt. # 21).  Plaintiffs' Response to Motion to Intervene (Dkt. # 27), filed March 23, 2005, did "not oppose intervention."  Pl.'s Resp. to Mot. to Interv. at 1.

The Wyoming Association of Conservation Districts ("WACD"), the Wyoming Stock Growers Association, the Laramie County Farmers Union, and the Wyoming Farm Bureau Federation filed a Motion to Intervene on April 1, 2005 (Dkt. #30).  The parties later reached a Stipulation on Wyoming Association of Conservation Districts, Wyoming Stock Growers Association, Wyoming Farm Bureau Federation and Laramie County Farmers Union's Motion for Intervention (Dkt. # 33), filed April 18, 2005.  The Stipulation agreed to allow WACD to intervene "with regard to the First Cause of Action" and that the other proposed intervenors "shall be represented as part of the Pole Mountain Cattlemen's Association et al.'s Intervenor group . . . ."  Stip. at 1.

3

Cattlemen and WACD each filed a Motion to Dismiss (Dkt. # 36 and Dkt. # 38, respectively) on April 29, 2005.  Each Motion sought dismissal of CNE's first claim for relief only, which alleged violations of the CWA and the APA.

CNE sought a Petition for Review (Dkt. # 34), filed April 29, 2005, asking this Court to review the Forest Service approval of livestock grazing in the Pole Mountain area and seeking an Order vacating the approvals.  The Motions to Dismiss and the Petition for Review have been fully briefed by all parties.

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as CNE brings this action under the Administrative Procedure Act, 5 U.S.C. § 706, and the citizen suit provision of the Endangered Species Act, 16 U.S.C. § 1540(g).  Jurisdiction also lies under 28 U.S.C. § 1346, United States as defendant.

## II.    MOTIONS TO INTERVENE

Parties may intervene, upon timely application, either as of right or permissively. F.R.Civ.P. 24.  Both sets of intervenors in the instant case focus their briefs on intervention as of right.  Under F.R.Civ.P. 24(a)(2), an outside party may intervene as of right if: (1) the application is "timely;" (2) "the applicant claims an interest relating to the property or transaction which is the subject of the action;" (3) the applicant's interest may be "impaired or impeded;" and (4) "the applicant's interest is [not] adequately represented by existing parties."  *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001).

The first test has been met.  Plaintiffs do not contest either motion to intervene, much less their timeliness, and indeed have stipulated to the intervention.

The second factor, applicants' interest relating to the property or transaction which is the subject of the litigation, requires a "direct, substantial, and legally protectable" interest. *Coalition of Arizona/New Mexico Counties for Table Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996). Cattlemen cite their livestock grazing permits as a valid interest, noting that Plaintiffs' requested relief "would effectively alter the terms and conditions of the Cattlemen's valuable grazing permits." Cattlemen's Mem. in Support of App. to Interv. at 7 (Dkt. # 22). WACD points to "its statutory duties to participate in watershed planning" for the type of pollution at issue. WACD Mem. in Support of Mot. to Interv. at 12 (Dkt. # 31). WACD and its members are "intricately involved in the watershed planning being challenged [and] . . . the monitoring of [the pollutants] at issue in this litigation." *Id*. Such interests and the other assertions of interests put forward are ostensible, direct, substantial, and legally protectable.

The third factor requires applicants for intervention to show that their interest may be impaired in the absence of intervention. Cattlemen cite the direct risk to their grazing permits. Cattlemen's Mem. in Support of App. to Interv. at 13 (Dkt. # 22). WACD emphasizes its interest in implementing a voluntary approach to pollution control as part of its watershed planning duties as well as its concern regarding elimination of a single pollutant without addressing other potential sources of pollution. WACD Mem. in Support of Mot. to Interv. at 18 (Dkt. # 31). Such concerns over adverse impacts resulting from the adjudication of the plaintiffs' claims demonstrate sufficient potential impairment of intervenors' interests.

Finally, applicants for intervention must show that their interests are not adequately represented by existing parties.  Cattlemen and WACD each maintain that the federal government, as a representative of the public generally, will not adequately represent their personal interests in their livestock grazing permits or their rights and duties in local planning efforts, respectively.  Cattlemen's Mem. in Support of App. to Interv. at 16 (Dkt. # 22); WACD Mem. in Support of Mot. to Interv. at 22 (Dkt. # 31).  These uncontested representations appear meritorious.

Considering the parties' stipulation regarding intervention as well as the parties' arguments above, this Court accepts Cattlemen's and WACD's arguments for intervention as of right and GRANTS Cattlemen's Application to Intervene and GRANTS WACD's Motion to Intervene.

## III.   MOTIONS TO DISMISS

### A.   Standard of Review

As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. See U.S. CONST. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir.1994), cert. denied, 514 U.S. 1109 (1995).  Rule 12(b)(1) of the Federal Rules of Civil Procedure empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter."  A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclus[ory] allegations of jurisdiction."  *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir.1971).  The burden of establishing federal subject matter jurisdiction is on the party asserting it.  *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974).

6

Motions to dismiss pursuant to Rule 12(b)(1) may take two forms.  First, if a party "make[s] a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction . . . the district court must accept the complaint's factual allegations as true." *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (internal citations omitted).  Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact.  *Id.*  A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56. *Id.*

A cause of action will be dismissed for failure to state a claim upon which relief can be granted pursuant to F.R.Civ.P. 12(b)(6) only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *see Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is dispositive.  *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  The purpose of Rule 12(b)(6) motions is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  In ruling on a motion to dismiss, a court "must construe the complaint in favor of the complaining party," *Utah v. Babbitt*, 137 F.3d 1193, 1204 (10th Cir. 1998), and must generally accept a plaintiff's well-pleaded allegations as true, and construe all reasonable inferences in favor of the plaintiff.  *City of Los Angeles v. Preferred Communications, Inc.*, 476 U.S. 488, 493 (1986); *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir.1976).

7

**B.      Forest Service's Motion to Dismiss Plaintiffs' First Claim for Relief**

The Forest Service brings the first type of Rule 12(b)(1) motion, a facial attack

on the Amended Complaint's averments regarding subject matter jurisdiction.  Forest

Service's Mem. in Supp. of Def.'s Mot. to Dismiss at 11.  Therefore, this Court accepts

CNE's allegations as true.

The Forest Service first alleges that CNE's complaint arising under § 313 (the

Federal Facilities Provision) of the CWA, 33 U.S.C. § 1323, lacks subject matter

jurisdiction because the provision merely waives the United States' sovereign immunity

for the limited purpose of making "state requirements respecting water pollution . . .

applicable to the United States," but does not waive immunity from suit by citizen

groups.  Mem. in Supp. of Def.'s Mot. to Dismiss at 2.  According to the Forest Service,

the CWA thus does not provide jurisdiction over the United States for CNE's claim

under the CWA.  Additionally, the Forest Service argues that CNE's claim under the

APA fails for lack of subject matter jurisdiction because CNE seeks review of patterns

and practices, and "the APA only provides for judicial review of specific, discrete, final

agency actions."  *Id.* at 2-3.

Although this Court must strictly construe waivers of sovereign immunity in favor

of the United States, *see Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986), it

must also accept CNE's factual allegations as true for purposes of the Forest Service's

Motion to Dismiss.  CNE's First Amended Complaint does not seek jurisdiction under

§ 313 of the CWA but under the APA, which provides a district court with jurisdiction

to review agency actions.  CNE argues that Forest Service approvals of grazing in the

Pole Mountain area have caused pollution levels which exceed Wyoming's water

8

quality standards.  This violates § 313(a)'s requirements that federal agencies adhere

to state water pollution requirements.  According to CNE, these violations of § 313, in

turn, constitute "arbitrary and capricious" action by the Forest Service and are an abuse

of discretion under the APA.  First Am. Comp. at 14, ¶ 44.  The Forest Service's

arguments that the CWA does not provide jurisdiction incorrectly characterize Plaintiffs'

claim.

　　　　CNE's First Amended Complaint, while using the term "management" to explain

challenged Forest Service practices, specifically mentions prior Forest Service

authorizations of grazing in the Pole Mountain area and issuance of corresponding

Allotment Management Plans.  *Id.*  Plaintiffs further describe the specific authorizations,

noting both the specific years and form of the authorizations.  *Id.* at 10-11, ¶¶ 29-34.

The Court is satisfied that CNE seeks review of final agency action as required by the

APA and rejects the Forest Service's argument that CNE's CWA claim fails to state a

claim under the APA as a matter of law.  The Court is also satisfied that CNE's

"unlawful and arbitrary pattern and practice" claim, *id.* at 14, exists only to the extent

that the challenged pattern involves the specific authorizations for livestock grazing in

the Pole Mountain area.  The Amended Complaint thus does not constitute some sort

of amorphous broad-based attack on the Forest Service's general policies or

procedures.  The Court therefore DENIES the Forest Service's Motion to Dismiss.

## C.　　Cattlemen's Motion to Dismiss

　　　　Cattlemen's Motion to Dismiss raises two challenges to CNE's first claim for

relief:  failure to state a claim under F.R.Civ.P. 12(b)(6) and lack of subject matter

jurisdiction due to lack of ripeness under F.R.Civ.P. 12(b)(1).

9

As to the first challenge, the Cattlemen allege that exceeding Wyoming's water pollution standards is not necessarily a violation of state law under § 313 of the CWA. Cattlemen's Mot. to Dismiss at 7. The Cattlemen essentially argue that Wyoming's statutory and regulatory scheme cannot be understood as merely requiring adherence to certain water pollution levels, and that Plaintiffs must "allege that the Forest Service is failing to comply with the substance of the entire Wyoming program." *Id.* at 8. In the absence of a more sweeping allegation, according to the Cattlemen, CNE does not state a claim under the CWA. The Cattlemen admit that they are "inferr[ing an] element of the claim under the plain language of § 313(a) of the Clean Water Act." *Id.* at 8.

CNE's First Amended Complaint avers that the failure to comply with Wyoming's water quality standards violates § 313(a)'s requirements that federal agencies adhere to state pollution regulations. In light of the lack of cited authority supporting Cattlemen's proposed inference and the liberal pleading standards for surviving a motion to dismiss, the Court rejects Cattlemen's Rule 12(b)(6) motion to dismiss for failure to state a claim.

Cattlemen also bring a ripeness challenge under F.R.Civ.P. 12(b)(1) to CNE's complaint. The ripeness doctrine "prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-149 (1967), *overruled on other grounds in Califano v. Sanders*, 430 U.S. 99, 105 (1977). The Supreme Court's factors for determining ripeness of a challenge to an agency

decision include: "(1) whether delayed review would cause hardship to the plaintiffs; (2) whether judicial intervention would inappropriately interfere with further administrative action; and (3) whether the courts would benefit from further factual development of the issues presented." *Ohio Forestry v. Sierra Club*, 523 U.S. 726, 733 (1998).

The Court finds that CNE's first claim for relief survives dismissal under the first factor as continued grazing would arguably cause continued hardship to the water quality. Additionally, because the Court reads CNE's First Amended Complaint as challenging only prior Forest Service authorizations, the second factor also militates against dismissal, as judicial intervention would not interfere with future administrative action. Finally, the Court has already determined for purposes of the Forest Service's Rule 12(b)(1) motion that CNE has adequately alleged that the agency action involved is "final." This finding, along with the administrative record provided by the Forest Service, suggests that further fact-finding will be unnecessary and the Court can proceed to a review of the record. Cattlemen's Motion to Dismiss is therefore DENIED.

### D. WACD's Motion to Dismiss

To the extent that WACD raises arguments previously raised by the Forest Service and the Cattlemen, the Court rejects WACD's Motion to Dismiss Plaintiff's first cause of action.

WACD also argues that CNE has failed to allege a violation of Wyoming state water quality requirements, thus justifying dismissal for failure to state a claim upon which relief may be granted, under F.R.Civ.P. 12(b)(6). WACD's Mem. in Supp. of Mot. to Dismiss at 1-2. WACD maintains that because Wyoming's regulations regarding the

11

type of pollution at issue are "voluntary," there can be no violation of § 313 of the CWA. *Id.* at 5. CNE's complaint, however, points to specific and non-discretionary statutory language (*e.g.*, "fecal coliform concentrations shall not exceed") under Wyoming law. First Am. Comp. at 12, ¶ 38. Therefore, in light of this Court's duty to "accept as true all material allegations of the complaint, and . . . construe the complaint in favor of the complaining party," *Utah v. Babbitt*, *supra*, 137 F.3d at 1204, CNE survives dismissal of its first claim for relief.

WACD alleges that CNE has failed to exhaust mandated administrative remedies, a prerequisite for judicial review under the APA. *See Darby v. Cisneros*, 509 U.S. 137, 147 (1993). WACD characterizes its argument as a Rule 12(b)(6) motion, setting forth the appropriate standard of review, also discussed *supra*, as requiring this Court to "dismiss [the] complaint only if it clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." WACD's Mem. in Supp. of Mot. to Dismiss at 2 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)) (Dkt. # 39). This Court rejects WACD's exhaustion argument in light of CNE's sufficient showing that an administrative appeal in this case was unnecessary for some Forest Service authorizations and should be excused for others due to futility. Pl.'s Opp. to Def.'s Mot. to Dismiss at 16-17 (Dkt. # 45).

WACD further maintains that Plaintiffs have failed to state an injury-in-fact and their first claim should be dismissed for lack of standing. As WACD again characterizes its motion as arising under Rule 12(b)(6), this Court accepts as true for purposes of argument the complaint allegations of CNE that each named group and its members "enjoy and use" the recreational area in question and claim "educational,

12

scientific, aesthetic, spiritual, and conservation interests" that have been and continue to be "adversely affected and irreparably injured by Defendants' action and inaction." First Amended Complaint at 3-4, ¶¶ 7-9 (Dkt. # 5). *See also* Decl. of Jeremy Nichols, filed April 29, 2005 (Dkt. # 40). For the foregoing reasons, WACD's Motion to Dismiss is DENIED.

## IV.   PETITION FOR REVIEW

After review of CNE's and Forest Service's briefs regarding CNE's Petition for Review (Dkt. # 34), this Court orders a hearing on the Petition to be held **Tuesday, October 18, 2005 at 8:30 a.m.**

## V.   CONCLUSION

Cattlemen's Application to Intervene (Dkt. #21) is GRANTED. WACD's Motion to Intervene (Dkt. #30) is GRANTED. Forest Service's Motion to Dismiss Plaintiffs' First Claim for Relief (Dkt. #19) is DENIED. Cattlemen's Motion to Dismiss (Dkt. # 36) is GRANTED. WACD's Motion to Dismiss (Dkt. # 38) is GRANTED. Plaintiffs' Petition for Review (Dkt. #34) is set for hearing on **October 18, 2005 at 8:30 a.m.** Additionally, the clerk's office is directed to amend the entry of a docket filing on February 18, 2005, entitled Administrative Record (Dkt. # 16), to reflect that it is not a motion but simply a docket entry reflecting the filing of the administrative record.

DATED: September 29, 2005

BY THE COURT:

s/ Phillip S. Figa
_____

Phillip S. Figa
United States District Court Judge

13